Thomas **TONEY** and Shawn **Toney**, Plaintiffs,

v.

**FAMILY DOLLAR STORES, INC.,** Family Dollar Services, Inc., and Family Dollar Trucking, Inc., Defendants.

**No. CIV.A. 2:02–0338.**

United States District Court, S.D. West Virginia, Charleston Division.

July 29, 2003.

L. Lee Javins, II, Bucci, Bailey & Javins, Robert B. Warner, Warner Law Offices, Charleston, WV, for Plaintiffs.

Richard L. Earles, Bailey & Wyant, Charleston, WV, for Defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending is Defendants' motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer this action to the Western District of Virginia. These motions are **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, Plaintiff Thomas Toney (Toney) was employed as a truck driver by non-party M.S. Carriers, which was hired by Defendant Family Dollar Stores, Inc. to haul merchandise from Family Dollar Services' distribution center in Front Royal, Virginia. On April 12, 2002 in Front Royal, Toney picked up a trailer, previously loaded and sealed at Family Dollar Services, that contained a load of heavy cartons of bottled bleach that are alleged to have made an "extremely high and unstable load." (Am. Compl.¶ 8.) Toney was then dispatched to deliver his load to a Family Dollar facility in Buffalo, New York, where he was required to unload the freight on the Family Dollar trailer by hand. The cartons of bottled bleach, stacked at the top of the cargo, fell onto Toney's left shoulder and left arm. Toney and his wife brought this action alleging negligence, negligent hiring, and loss of consortium.

Defendants filed these motions claiming that Family Dollar Stores, Inc. is not the correct defendant, while the potentially correct defendant is Family Dollar Services, Inc., a North Carolina corporation with no contacts in the State of West Virginia.[1] Additionally, they claim no facts tie Family Dollar Trucking, Inc. to the allegations of the Amended Complaint and that entity has no business connections within the State of West Virginia.

On Defendants' original motion to dismiss for lack of personal jurisdiction, the Court provided a period of discovery on the jurisdictional issues. The motions are now ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

■ When a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 395 (4th Cir. 2003) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)). In deciding whether the plaintiff has made the requisite showing, the Court must take all disputed facts and reasonable inferences in favor of the plaintiff. *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993)). If the existence of jurisdiction turns on disputed factual questions, the court ultimately may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs*, 886 F.2d at 676. The burden of proving *in personam* jurisdiction rests with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

### B. Personal Jurisdiction

■ *Federal Rule of Civil Procedure* 4(k)(1)(A) provides a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Carefirst*, 334 F.3d at 396. (citing *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d

---

1. According to the Amended Complaint, Mr. and Mrs. Toney are residents of West Virginia; Family Dollar Stores, Inc. is a Delaware corporation with its principal place of business in North Carolina and Family Dollar Services Inc. and Family Dollar Trucking are North Carolina corporations with business locations in various states including Front Royal, Virginia. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

617, 622 (4th Cir.1997)). For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Id.* (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001)); *see also* Syl. pt. 5, *Abbott v. Owens–Corning Fiberglas Corp.,* 191 W.Va. 198, 444 S.E.2d 285 (1994). West Virginia has two long-arm statutes relating to corporations, *West Virginia Code* sections 56–3–33 and 31–1–15. To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Defendants are three inter-related corporations. As explained in the deposition testimony of the Family Dollar corporate representative Bryan Causey, Family Dollar Services, Inc. (FD Services) and Family Dollar Trucking, Inc. (FD Trucking) are both wholly-owned subsidiaries of Family Dollar Stores, Inc. Family Dollar Stores, Inc. is the holding company for numerous subsidiary corporations and has no employees of its own.

Family Dollar, Inc., incorporated in North Carolina, is the management company for Family Dollar Stores, Inc., handling the corporate affairs of all the Family Dollar entities. Primarily for tax reasons, Family Dollar, Inc. owns retail stores in six of the 41 states in which Family Dollar operates. The retail locations in other states, such as West Virginia, are owned by single state-specific corporations, here, Family Dollar Stores of West Virginia, Inc. (FD–WV).

FD–WV is a West Virginia corporation, and a wholly-owned subsidiary of Family Dollar, Inc. It includes one hundred Family Dollar retail locations in West Virginia. Almost all Family Dollar merchandise and store inventory is provided through and shipped from the distribution centers run by FD Services. FD Services is responsible for loading and filling the trailers. FD Trucking delivers the goods, either with its own trucks or, primarily, by contracting with common carriers. FD Services operates several distribution centers. West Virginia Family Dollar stores get ninety-five to one hundred percent of their merchandise from FD Services distribution centers in Front Royal, Virginia and Morehead, Kentucky. David Alexander, Jr. is the President of FD Stores, Inc., of FD–WV, and of FD Services; the CEO of these entities is Howard Levine.

■ Generally courts presume the institutional independence of parent corporation and wholly-owned subsidiary when considering the question whether jurisdiction may be asserted over the parent solely on the basis of the subsidiary's contacts with the forum. *See Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 466 (1st Cir.1990)(collecting cases); *see also* Syl. pt. 2, *Norfolk S. Ry. Co. v. Maynard,* 190 W.Va. 113, 117, 437 S.E.2d 277, 281 (1993)("A parent-subsidiary relationship between corporations, one of which is 'doing business' in West Virginia, does not without the showing of additional factors subject the nonresident corporation to this state's jurisdiction.") But this presumption may be overcome by a showing of a " 'plus' factor—something beyond the subsidiary's mere presence within the bosom of the corporate family." *Donatelli,* 893 F.2d at 465–66.

In *Bowers v. Wurzburg,* 202 W.Va. 43, 501 S.E.2d 479 (1998), the Supreme Court of Appeals of West Virginia held the following factors must be considered in determining whether to assert personal jurisdiction over the parent of a subsidiary doing business in West Virginia:

(1) Whether the parent corporation owns all or most of the capital stock of the subsidiary;

(2) Whether the parent and subsidiary corporations have common directors and officers;

(3) Whether the parent corporation finances the subsidiary;

(4) Whether the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation;

(5) Whether the subsidiary has grossly inadequate capital;

(6) Whether the parent corporation pays the salaries and other expenses or losses of the subsidiary;

(7) Whether the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;

(8) Whether in the papers of the parent corporation or in the statement of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;

(9) Whether the parent corporation uses the property of the subsidiary as its own;

(10) Whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest; and

(11) Whether the formal legal requirements of the subsidiary are not observed.

*Id.* at 54, 501 S.E.2d at 490. The court cautioned this was not an exhaustive list and each case must be determined on its own unique facts. *Id.*

■ According to the Family Dollar corporate representative, Family Dollar, Inc., the management component of Family Dollar Stores, Inc., owns one hundred percent of FD–WV. Family Dollar, Stores, Inc., Family Dollar, Inc., and FD–WV share a president and CEO. All financing for subsidiary operations is provided through inter-company loans from Family Dollar, Inc., with no loan term, using an open inter-company account. The 2002 Annual Report of Independent Accountants PricewaterhouseCoopers to the Board of Directors and shareholders of Family Dollar Stores, Inc. provides consolidated financial statements, which include "the accounts of the Company [Family Dollar Stores, Inc.] and its subsidiaries, all of which are wholly-owned. All significant intercompany balances and transactions have been eliminated." (Pls.' Resp. in Opp'n, Ex.2002 Annual Report at 23.) That is, in its report to shareholders and the public, Family Dollar Stores, Inc. makes no distinction between itself and its subsidiaries; "the Company" includes all of them, including FD–WV. The subsidiaries' income and financial liabilities are completely subsumed and undifferentiated in the parent company's report.

As Causey explains, for tax purposes Family Dollar Stores, Inc. caused the incorporation of FD–WV, as well as the other state corporate entities. The subsidiaries do not appear to be stand-alone operations, but financing and inventory along with corporate management are supplied by the parent. Family Dollar stores sell the same products "across the board." (*Id.,* Causey dep. at 24.)

Applying the *Bowers* factors, a considerable majority support the conclusion that

Family Dollar Stores, FD Services, FD Trucking, and FD–WV are not correctly characterized as separate corporations for jurisdictional purposes, but instead FD Services and Trucking, like FD–WV, operate as divisions or branches of Family Dollar Stores, Inc., which is "The Company." FD–WV is amenable to service of process in West Virginia, not pursuant to the state long-arm statute, but rather as a state resident corporation.

■ Where the parent exercises substantial, if not complete, hegemony over the subsidiary's operations and the subsidiary is a separate entity in name only, the parent corporation plainly has made a choice to avail itself of the benefits of the forum. In this situation, the due process considerations of fairness, including notice, foreseeability, and purposeful availment, are met through the parent's deliberate choices to establish 100 retail establishments in West Virginia, to consolidate them in a wholly-owned subsidiary corporation, and to register that corporation in West Virginia. Through its subsidiary FD–WV, Family Dollar Stores, Inc. is a West Virginia resident, subject to service of process and the jurisdiction of this Court. Because FD Services and FD Trucking are similarly branches or divisions of The Company, Family Dollar Stores, Inc., service on and jurisdiction over their parent subject them to this Court's jurisdiction.

For these reasons, Defendants' motion to dismiss based on lack of personal jurisdiction is **DENIED**.

## C. Change of Venue

■ Defendants urge the Court to transfer this matter to the Western District of Virginia, where Front Royal is located. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is well settled that such a transfer decision is committed to the sound discretion of the district court. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ Motions for venue transfer require an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 29, 108 S.Ct. 2239. In resolving such a motion, a district court must "weigh in the balance a number of case-specific factors." *Id.* The factors commonly considered in ruling on a transfer motion include: 1) ease of access to sources of proof; 2) the convenience of parties and witnesses; 3) the cost of obtaining attendance of witnesses; 4) the availability of compulsory process; 5) the possibility of a view; 6) the interest in having local controversies decided at home; and 7) the interests of justice. *AFA Enterprises, Inc. v. American States Ins. Co.*, 842 F.Supp. 902, 909 (S.D.W.Va.1994).

■ The burden of showing the propriety of transfer falls on the movant, most often, as here, the defendant. *Id.* (citations omitted). The plaintiff's choice of forum is accorded considerable weight. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Where a transfer motion would merely shift the inconvenience from the defendant to the plaintiff, it will be denied. *Id.*

At least three locations are involved in this action: Buffalo, New York, where the accident actually occurred; Front Royal, Virginia, where the trailer was loaded; and the Southern District of West Virginia where the injured Plaintiff and his spouse brought this action. Potential sources of proof lie in all three venues, considering that evidence of Plaintiffs' damages is most likely available in West Virginia. On

this reasoning, the controversy is not particularly local to any of the venues, but equally to all. Plaintiff's choice of forum indicates his locus of convenience, while Defendants' motion to transfer indicates theirs.

Defendants contend potential non-party witnesses in Front Royal, Virginia may be beyond this Court's subpoena power, citing *Rule* 45. Fed.R.Civ.P. 45. This argument for transfer to Virginia assumes that no relevant evidence lies in Buffalo, where witnesses could not be compelled to trial by a Virginia district court, a questionable assumption at this point in the proceedings. Also overlooked is the portion of the rule allowing subpoenas for depositions to issue "from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." Fed.R.Civ.P. 45(a)(2). While deposition testimony is possibly not as compelling as a live witness, the Court need not be deprived of sworn testimony and discovery of relevant evidence by its location apart from some witnesses.[2]

The possibility of a view of the Front Royal loading facilities is insufficient reason to transfer, considering the myriad traditional or electronic means by which views may now be brought to the court, rather than taking the court to the view. Again, a view of the Buffalo facility may prove necessary and can be arranged in Virginia or West Virginia.

Given this balance of factors, and considering the weight of Plaintiffs' choice of forum and the interests of justice, the Court **DENIES** Defendants' motion to transfer. This action will continue under the Scheduling Order previously issued.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. The opinion is posted on the Court's website at *http://www.wvsd.uscourts.gov.*

---

2. Defendants note that for corporate officers, located in North Carolina, "it is surely within their expectations to travel to or be familiar with a large distribution facility owned and operated by that corporation in the adjacent State of Virginia." (Defs.' Mem. in Supp. of Mot. To Dismiss at 6.) By the same token, those corporate officers should expect to travel to another adjacent state, West Virginia, where they own and operate one hundred retail stores.